IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONI MARIE DAVIS,

   Plaintiff,

v.

GOVERNOR WES MOORE,

   Defendant.

Civil Action No.:  SAG-23-1978

## MEMORANDUM

Plaintiff Toni Marie Davis filed the above-captioned Complaint along with a Motion to Proceed in Forma Pauperis (ECF No. 2), which shall be granted.  However, for the reasons that follow, the Complaint must be dismissed.

Davis filed this Complaint challenging the constitutionality of Maryland Senate Bill 460 and House Bill 283 which include the Trans Health Equity Act. ECF No. 1 at 5.  Davis asserts that these laws infringe upon "the First Amendment rights of healthcare professionals and organizations" because it compels them "to offer gender-affirming treatments, even if it contradicts their sincerely held religious beliefs or professional judgment." *Id.*  She further alleges that it undermines medical ethics and individual autonomy by "[f]orcing medical professionals to provide certain treatments, regardless of their clinical judgment or the potential risk and benefits involved…" *Id.*  Finally, according to Davis, the legislation puts an undue burden on healthcare providers by requiring them to "undergo additional training, invest in new equipment, or modify their practices, potentially resulting in increased healthcare costs and reduced access to care for all patients, including those who do no require gender-affirming treatments." *Id.*

Davis filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations … It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989). A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter*,* accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Twombly*, 550 U.S. at 570).

Davis's Complaint cannot proceed because she fails to show that she has standing to bring this claim. "[A]t an irreducible minimum, Article III requires the party who invokes the court's authority to show that [they] personally ha[ve] suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury fairly can be traced to the

challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).

To demonstrate constitutional standing, three elements must be established by the plaintiff: (1) that they "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical;'" (2) that there is a "casual connection between the injury and the conduct complained of—the injury has to be fairly … trace[able] to the challenged action of the defendant;" and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561.  The injury required for standing need not be actualized. *Davis v. Federal Election Comm'n,* 554 U.S. 724, 734 (2008).  A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct. *Id*.

Here, Davis does not allege that she is a healthcare provider or that she has suffered any particular injury as a result of the challenged legislation.  Rather, Davis files on behalf of hypothetical healthcare providers in Maryland who may be subject to requirements under the state law.  As Davis fails to demonstrate that she has suffered any injury from the challenged statute, she lacks standing to bring a claim challenging its constitutionality under the First Amendment.

For this reason, the Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  A separate Order follows.

<u>September 18, 2023</u>                               _____/s/_____
Date                                                                      Stephanie A. Gallagher
                                                                               United States District Judge